## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.R. and E.M.**

**No. 12-1517** (Mineral County 12-JA-20 and 12-JA-27)

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Lauren M. Wilson, from the Circuit Court of Mineral County, which terminated her parental rights by order entered on November 30, 2012. The guardians ad litem for the children, Kelley A. Kuhn and Meredith H. Haines, have filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, has also filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, the DHHR filed its petition that alleged Petitioner Mother's abuse and neglect of the subject children, alongside the aggravated circumstances of her prior terminations to older children in 2001 and 2009. In both of those preceding terminations, Petitioner Mother was unable to remedy her chronic drug use and, in the instant petition, the DHHR alleged Petitioner Mother's drug use while caring for A.R. and while pregnant with E.M. In August of 2012, the DHHR filed an amended petition to include E.M., who was born that month. At the dispositional hearing, Petitioner Mother testified that she was, and had been, an addict and further admitted that she was still struggling with her addiction. In November of 2012, the circuit court terminated Petitioner Mother's parental rights to the subject children and denied her motion for post-termination visitation until after the children's adoptions were complete and only at the discretion of the adoptive parents.

Petitioner Mother first argues that the circuit court erred in denying her an improvement period because she asserts that she has shown that she remedied the problems that led to the previous involuntary terminations of her parental rights and that there was a reasonable likelihood that she could correct the conditions of abuse/neglect in the near future. In support, Petitioner Mother argues that she attended Narcotics Anonymous ("NA") and Alcoholics Anonymous ("AA") every week while she was in jail and successfully completed a parenting skills class. Second, Petitioner Mother argues that the circuit court erred in failing to grant post-termination visitation prior to adoption and in leaving post-adoption visitation at the discretion of

1

the potential adoptive parents. She argues that the evidence indicates that consistent visitation would be in the children's best interests.

In response to petitioner's assertion that she should have received an improvement period, the children's guardians ad litem and the DHHR argue that Petitioner Mother's testimony at the dispositional hearing indicates that Petitioner Mother has failed to overcome her addiction and her behavior has not markedly changed since her prior terminations. They also highlight that although Petitioner Mother began attending classes and NA and AA meetings, these steps were not taken until she was in jail.

With regard to Petitioner Mother's second argument concerning post-termination visitation, respondents contend that the circuit court committed no errors in this regard. They argue that Petitioner Mother did not demonstrate any close emotional bond with either of the subject children, both of whom stayed with their current placements throughout this case. They further argue that the circuit court gave careful consideration to such evidence before ruling on petitioner's motion for post-termination visitation.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental rights, including its denial of an improvement period or in its ruling on post-termination visitation. Pursuant to West Virginia Code § 49-6-12, the parent has the burden to prove by clear and convincing evidence that he or she would substantially comply with an improvement period. Under this same statute, the circuit court has the discretion to grant or deny such an improvement period. Our review of the record provides that Petitioner Mother's prior terminations were due to her drug use. Similarly, the instant termination resulted from her failure to improve her issues with drug use. Further, we find that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code §

49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. Lastly, we find no error with regard to Petitioner Mother's argument concerning post-termination visitation. After terminating parental rights, a circuit court may grant post-termination visitation if it considers that such a relationship is in the children's best interests and if it would not unreasonably interfere with their permanent placement. *See State ex rel. Amy M. v. Kaufman,* 196 W.Va. 251, 260, 470 S.E.2d 205, 214 (1996). Our review of the circuit court's termination order reflects that post-termination visitation at this juncture would not promote the best interests of the children who are currently in relative placements.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard ,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject children.

Affirmed.

**ISSUED:**  May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II